IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

TAMMY MOSS,

        Plaintiff,

v.                                       CIVIL ACTION NO.   3:16-6213
                                       (Consolidated with 2:16-7502)
EXPERIAN INFORMATION SOLUTIONS, INC.,
and WELLS FARGO BANK, N.A.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' and Counterclaim Defendants' motions to dismiss Defendant and Counterclaim Plaintiff Wells Fargo's counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 60, 77. Both Tammy and Kevin Moss bring identical motions to dismiss Wells Fargo's counterclaim. The motions assert that Wells Fargo's counterclaim for breach of contract did not state a claim because Wells Fargo did not plead it had incurred damages as a result of the breach and Wells Fargo did not comply with the terms of the contract and therefore cannot bring a breach of contract claim. For the following reasons the motions are **DENIED**.

                                        **I.**        **Background**

In 2013, husband and wife Kevin and Tammy Moss filed suit against Wells Fargo in Putnam County West Virginia bringing claims related to loans made to Tammy and Kevin. The parties entered into a confidential settlement agreement. That agreement provided that Kevin and Tammy would release all past and future claims against Wells Fargo related to the accounts at issue in the Putnam County case. The agreement also provided that the parties would keep the

terms as well as the existence of the agreement confidential. Kevin and Tammy agreed that if they breached the agreement, Wells Fargo would suffer irreparable harm and Wells Fargo could seek legal or equitable remedies.

Plaintiffs then filed these cases claiming that Wells Fargo did not properly report the result of the loan accounts at issue in the Putnam County case properly to certain credit reporting agencies. Wells Fargo filed a counterclaim asserting a cause of action for breach of the settlement agreement. Specifically, Wells Fargo points to breaches of the release provision and the confidentiality agreement. The latter was breached, Wells Fargo claims, when Kevin and Tammy disclosed the existence and terms of the settlement agreement in documents publically filed with the Court. The former was breached when Tammy and Kevin filed their cases in federal court.

Plaintiffs' then brought separate motions to dismiss, each arguing that Wells Fargo had failed to state a claim on which relief could be granted and the counterclaim should be dismissed pursuant to Rule 12(b)(6). Kevin and Tammy argue that Wells Fargo has not alleged that it suffered damages as a result of Plaintiffs' breach, and Wells Fargo cannot enforce the contract because it breached the contract too. Wells Fargo responds that its future settlement efforts in other cases will be hobbled and it has incurred attorney's fees and costs in this case. Wells Fargo goes on contend that no matter the facts alleged in the counterclaim, nominal damages can be inferred from the alleged breach. Lastly, Wells Fargo argues that on a motion to dismiss the Court cannot consider evidence beyond the pleadings to find that Wells Fargo also breached the contract.

## II.    Legal Standard

When considering a motion to dismiss pursuant to Rule 12(b)(6), a court follows a two-step approach: (1) "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and then

(2) "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

For the first step, the complaint must provide the plaintiff's "grounds of . . . entitlement to relief" in more factual detail than mere "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

For the second step, a court must take the remaining factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Twombly*, 550 U.S. at 555–56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555, 570 (internal quotation marks omitted). Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

### III. Analysis

A breach of contract claim in West Virginia has three elements: "formation of a contract, a breach of the terms of that contract, and resulting damages." *Sneberger v. Morrison*, 776 S.E.2d 156, 171 (W. Va. 2015). A plaintiff must plead facts to support each of these elements to sustain a breach of contract claim. "Recoverable damages in an action for breach of contract cannot be too remote, contingent, or speculative, but must consist of actual facts form which a reasonably accurate conclusion could be drawn regarding the cause and amount of such damages." *Exec. Risk*

*Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F. Supp. 2d 694, 726 (S.D. W. Va. 2009) (citing *Commonwealth Tire Co. v. Tri-State Tire Co.*, 193 S.E.2d 544, 550 (W. Va. 1972)).

West Virginia recognizes nominal damages for breach of contract claims. *Harper v. Consol. Bus Lines*, 185 S.E. 225, 226 (W. Va. 1936). Moreover, a court may infer them where a plaintiff has pled that a valid contract has been breached. *Id.* "Nominal damages arise where there is breach of a duty owed the plaintiff or an infraction of his right, though the amount of actual damages is not shown. Damages are inferred from the fact of a wrong done." *Id.*; *see also Exec. Risk*, 681 F. Supp. 2d at 726 (citing *Harper*, 185 S.E. at 226).

Wells Fargo has pled with sufficient facts the existence of a contract between Kevin, Tammy, and Wells Fargo. It has also pled sufficient facts to support a breach of that contract. Kevin and Tammy, Wells Fargo alleges, have breached the release provision by bringing these suits and breached the confidentially provision by filing public documents that revealed the existence and the terms of the settlement agreement. The Court therefore infers from "the fact of a wrong done" that Wells Fargo is entitled to nominal damages. *See Harper*, 185 S.E. at 226. The Court also notes that Wells Fargo has specifically pled that it has incurred attorney's fees and costs related to the breach. This allegation independently supports Wells Fargo's damages claim and satisfies the Court that Wells Fargo has pled its contract claim properly.

Plaintiffs' most vigorous argument in favor of their motions to dismiss comes in their reply briefs. Plaintiffs raise, for the first time, that Wells Fargo does not have standing to bring its counterclaim because, Plaintiffs argue, it has not "provided evidence of injury." This argument is quite simply preposterous. Leaving the substance to one side for a moment, Plaintiffs did not raise this argument in their memorandums in support of their motions to dismiss. "Raising the issue for the first time in a reply brief does not suffice; reply briefs *reply* to arguments made in the response

. . . they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration." *Scottsdale Ins. Co. v. Flowers* 513 F.3d 546, 553 (6th Cir. 2008) (quoting *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002)) (emphasis in original). Raising a new argument in a reply, apart from the practice's departure from the purpose of the reply generally, denies the non-moving party an opportunity to respond, which it is ordinarily due. The aberrant practice thus generally results in waiver of the new argument. *See id.* Nevertheless, because Plaintiffs argument can be dismissed out of hand, the Court will consider it briefly.

Plaintiffs argue that Wells Fargo "must provide evidence of actual harm to bring its claim for breach of contract." Wells Fargo has not provided this evidence, therefore, Plaintiffs contend, Wells Fargo does not have standing to bring its breach of contract claim. To begin, Plaintiffs appear to misapprehend the stage of this litigation and the aim of a motion to dismiss. A motion to dismiss does not permit a court to review "evidence" and make factual determinations based on that evidence. A 12(b)(6) motion to dismiss tests the complaint, or in this case a counterclaim, to determine if the claimant has *alleged* a cause of action for which a court can grant relief. "[A]court must take the . . . factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) The claimant need not provide any evidence to support its allegations so long as the claimant has alleged "enough facts to state a claim to relief that is plausible *on its face*." *Id.* (emphasis added). To the extent Plaintiffs believe that Wells Fargo needs to present some evidence in addition to the facts pled in its counterclaim to show standing, they are mistaken. A motion for summary judgment is the appropriate place for demands for evidentiary support of Wells Fargo's claims.

If Plaintiffs' replies are construed charitably, though, they could be read to argue that Wells Fargo has not *pled* facts sufficient to create standing for its counterclaim. Article III standing consists of three elements: "(1) the plaintiff suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo v. Robbins*, ___ U.S. ___, 136 S. Ct. 1540, 1548 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interests that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

Plaintiffs have latched onto the words "concrete" and "actual" to argue that nominal damages are not actual or concrete damages, and therefore, Wells Fargo lacks standing to bring its claim. It cannot seriously be argued, although Plaintiffs try, that a party lacks standing to bring a breach of contract claim if it does not allege economic damages.[1] The injury in fact element does not require allegations of economic damages to be satisfied. *Lujan*, 504 U.S. at 562–63. On this point the Supreme Court observed in *Lujan*, "[o]f course, the desire to use or observe an animal species, even for *purely esthetic purposes*, is undeniably a cognizable interest for the purpose of standing." *Id.* (emphasis added). Although the Court ultimately found that the plaintiffs in *Lujan* did not have standing, the ruling was based on the speculative or hypothetical nature of the injury to plaintiffs' legal interests, not the lack of economic damages. *Id* at 564 ("Such 'some day' intentions . . . do not support a finding of the 'actual or imminent' injury that our cases require.").

An injury in fact occurs where an invasion of a plaintiff's legally cognizable right is concrete, that is, the injury to the *right* "must actually exist," and the injury to that right is real, not

---

[1] Plaintiffs appear to ignore Wells Fargo's allegation that it has incurred attorney's fees and costs as well as suffered other unspecified damages as a result of Plaintiffs' breach.

hypothetical or speculative. *See Spokeo*, 136 S. Ct. at 1548. It is beyond doubt that both Wells Fargo and Plaintiffs have certain legally cognizable rights secured by their assent to the settlement agreement. A failure to perform under the contract is undeniably an invasion of those rights. Thus, an invasion of Wells Fargo's contract rights is an "injury in fact" irrespective of the economic damage caused by that injury. Damages are an element of the substantive contract claim, not a part of constitutional standing. Leaving aside the Court's finding that Wells Fargo has pled specific economic damages, the injury here that gives rise to standing is the invasion of a legally cognizable contract right—Wells Fargo has alleged as much.

Wells Fargo has alleged the existence of a contract and the breach of certain terms of that contract. Accordingly, Wells Fargo has alleged a legally cognizable right has been violated actually, in that it has already occurred, and concretely, in that specific terms of the contract were violated.

Keven and Tammy's final argument also lacks merit. They contend that West Virginia law does not permit a breaching party to recover for the breach of another party to the contract. They further assert that Wells Fargo did not produce any "evidence" that it complied with the contract and therefore it cannot recover for any breach committed by Tammy and Kevin, and the counterclaim should be dismissed.

With the risk of tedium growing, as this will amount to the third time in this Memorandum Opinion that the Court has explained the pleading standard, only a brief explanation of the deficiencies of Plaintiffs argument is in order. The Court is mystified by Plaintiffs continuous demands for "evidence" at this stage of the case. A counterclaimant, just like a plaintiff, needs only to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–56. A plaintiff does not have to provide evidence at the pleading stage, he or she must

only allege those facts that if proven down the line supported by evidence, would result in a meritorious claim. Wells Fargo may have breached the settlement agreement; it may not have. Whatever the answer, Wells Fargo has pled sufficient facts to support a breach of contract claim as defined by West Virginia law. *See Sneberger*, 776 S.E.2d at 171. Plaintiffs will have a chance to test the evidence supporting Wells Fargo's claims as the case progresses.

## IV. Conclusion

For the reasons stated Tammy Moss' Motion to Dismiss, ECF No. 60, and Kevin Moss' Motion to Dismiss, ECF No. 77, are **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: March 24, 2017

ROBERT C. CHAMBERS, CHIEF JUDGE